UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOMINICK C.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

6:24-CV-06509 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Dominick C. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings (Dkt. 7; Dkt. 13) and Plaintiff's reply (Dkt. 14), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion (Dkt. 7) is granted in part, the Commissioner's motion (Dkt. 13) is denied, and the case is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed his application for DIB on June 21, 2022, alleging disability as of February 17, 2020. (Dkt. 5 at 16, 217-18).[1] Plaintiff's application was initially denied on December 15, 2022. (*Id*. at 16, 79-90). At Plaintiff's request, administrative law judge ("ALJ") Jason Mastrangelo held a telephone hearing on March 14, 2024. (*Id*. at 16, 59-78). On April 8, 2024, the ALJ issued an unfavorable decision. (*Id*. at 16-25). The Appeals Council denied Plaintiff's request for review on June 21, 2024, rendering the ALJ's determination the final decision of the Commissioner. (*Id*. at 6-12). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). It is not the Court's

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(a). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, 20 C.F.R. § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work

activities on a sustained basis, notwithstanding limitations from the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he is not disabled. If she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2025. (Dkt. 5 at 18).

At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 17, 2020, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff had the following medically determinable impairments: depressive disorder, hypertension, seropositive rheumatoid arthritis, and lumbar degenerative disc disease, but concluded that Plaintiff did not have a

severe impairment or combination of impairments. (*Id*. at 18-19). Thus, the ALJ concluded that Plaintiff was not under a disability at any time from the alleged onset date through the date of the decision and denied Plaintiff's application for DIB. (*Id*. at 25).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff argues that remand is required because the ALJ made an improper step two denial and failed to reconcile the medical opinion evidence in making that determination. (Dkt. 7-1 at 18-29). In response, the Commissioner argues that substantial evidence supports the ALJ's determination that Plaintiff's mental impairments did not significantly limit his ability to perform basic work activities for a period of at least 12 months, as is required to be considered a severe impairment. (Dkt. 13-1 at 6-17).

At step two of the disability analysis, the ALJ determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). "The following are examples of 'basic work activities': 'walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling . . . seeing, hearing, and speaking . . . [u]nderstanding, carrying out, and remembering simple instructions . . . [u]se of judgment . . . [r]esponding appropriately to supervision, co-workers and usual work situations.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citations omitted).

"The claimant bears the burden of presenting evidence establishing severity." *Id.* Step two's "severity" requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995); *see also McIntyre v.*

*Colvin,* 758 F.3d 146, 151 (2d Cir. 2014) ("[A]n ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases."); *O'Connor v. Saul*, No. 1:18-CV-00740 CJS, 2020 WL 1242408, at *3 (W.D.N.Y. Mar. 16, 2020) ("The standard at step two is quite low."). However, despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor*, 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to perform work-related functions.'" *Windom v. Berryhill*, No. 6:17-CV-06720-MAT, 2018 WL 4960491, at *3 (W.D.N.Y. Oct. 14, 2018) (quoting *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018)) (alteration in original); *Lugo Rodriguez v. Berryhill*, No. 3:17-CV-00093 (VLB), 2018 WL 1135330, at *4 (D. Conn. Mar. 2, 2018) ("In other words, any claim in which the medical evidence establishes more than a 'slight abnormality' with 'no more than a minimal effect on an individual's ability to work' should be determined 'severe.'" (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)). Further, a severe impairment must persist for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A) (disability involves impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). "[A]ny error at step two is rendered harmless when the ALJ finds that a claimant has other

severe impairments and proceeds through the later steps of the sequential analysis." *Herman S. v. Comm'r of Soc. Sec.*, No. 1:19-CV-00210 EAW, 2022 WL 71618, at *5 (W.D.N.Y. Jan. 3, 2022).

For an ALJ to stop at step two and not continue to the remaining steps is "an unusual case." *Dawn Lyn C. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00545 (TOF), 2021 WL 4398372, at *1 (D. Conn. Sept. 27, 2021) ("ALJs frequently find some or all of a claimant's impairments to be less than severe. But they usually go on to conduct the rest of the five-step process, and often find that the claimant possesses the residual functional capacity to perform work that is available in the national economy. Here, however, the ALJ stopped at Step Two."); *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989) ("Thus, the sequential evaluation process can be terminated at step two only in cases where there is no more than a minimal effect on the claimant's ability to work."). Indeed, Social Security regulations advise that "[a] claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." *Titles II & Xvi: Med. Impairments That Are Not Severe*, SSR 85-28, at *3 (S.S.A. 1985). The regulations further provide:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do

> basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

*Id.* at *4; *see also McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) ("Instead, we express only the common-sense position that because step two is to be rarely utilized as basis for the denial of benefits, . . . its invocation is certain to raise a judicial eyebrow.").

As explained above, at step two the ALJ found that Plaintiff suffered from the non-severe impairments of depressive disorder, anxiety disorder, hypertension, seropositive rheumatoid arthritis, and lumbar degenerative disc disease. (Dkt. 5 at 18). Plaintiff argues that the ALJ's conclusion that his mental impairments were not severe impairments is not supported by substantial evidence and was error warranting remand. The Court agrees.

In concluding that Plaintiff's mental impairments were non-severe at step two of the sequential evaluation, the ALJ found that Plaintiff had mild limitations in each of the four functional areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing himself. (*Id*. 5 at 21-22). The ALJ found persuasive the opinions of state agency psychological consultants T. Inman, Ph.D., and K. Lieber-Diaz, PsyD., who opined that Plaintiff did not have any severe mental impairments. (*Id*. at 23). The ALJ concluded that these opinions were supported by a review of the medical record and consistent with Plaintiff's treatment records and "three different consultative examinations which show that the claimant has intact attention and concentration, recent and remote memory skills, and thought processes." (*Id.*).

He also found persuasive the December 2022 opinion from consultative examiner Christine Ransom, Ph.D. (*Id*. at 552-55). Dr. Ransom opined:

> This individual will experience mild limitation interacting adequately with supervisors, coworkers, and the public; sustaining concentration and perform a task at a consistent pace; sustaining an ordinary routine and regular attendance at work; and in regulating emotions, controlling behavior, and maintaining wellbeing. He is able to maintain personal hygiene and appropriate attire, awareness of hazards and taking appropriate precautions; understand, remember, or apply simple directions and instructions; and use reason and judgement to make work-related decisions. Areas of difficulty are secondary to major depressive disorder, currently mild.
>
> The results of the evaluation are consistent with mild psychiatric conditions that will mildly interfere with [Plaintiff's] ability to function on a daily basis.

(*Id.* at 554). The ALJ concluded that this opinion is supported by Dr. Ransom's examination "which showed that he had intact attention and concentration, recent and remote memory skills, and thought processes," and "consistent with the mild findings of Dr. Brownf[]eld, treatment notes documenting benign findings, and the claimant's activities of daily living." (*Id.* at 23).

The ALJ also found the opinion from consultative examiner, Adam Brownfeld, Ph.D., persuasive. Dr. Brownfeld opined:

> No evidence of limitation in understanding, remembering, and applying simple and complex directions and instructions; using reason and judgment to make work related decisions; interacting adequately with supervisors, coworkers, and the public; sustaining concentration and performing a task at a consistent pace; sustaining an ordinary routine and regular attendance at work; maintaining personal hygiene and appropriate attire; and being aware of normal hazards and taking appropriate precautions. He is mildly to moderately limited in regulating emotions, controlling behavior, and maintaining well-being.

> The results of the evaluation appear to be consistent with psychiatric problems, but in itself this does not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis.

(*Id.* at 645). The ALJ concluded that Dr. Brownfeld's opinion is supported by his examination of Plaintiff and "consistent with the evidence of record including treatment notes documenting benign findings, [Plaintiff's] activities of daily living, and Dr Ransom's mild findings on examination." (*Id*. at 23-24).

To the contrary, the ALJ found the December 2021 opinion from Dr. Ransom unpersuasive. After that examination, Dr. Ransom opined:

> This Individual would experience moderate limitation in interacting adequately with supervisors, co-workers and the public; sustaining concentration and performing a task at a consistent pace; sustaining an ordinary routine and regular attendance at work; regulating emotions, and controlling behavior, and maintaining well-being. He will show no evidence of difficulty in maintaining personal hygiene and appropriate attire; and awareness of precautions; understanding, remembering, or applying simple and complex directions and instructions; and using reason and judgment to make work-related decisions. Areas of difficulty are secondary to panic disorder currently moderate and major depressive order currently moderate.
>
> The results of the evaluation are consistent with moderate psychiatric conditions, that will moderately interfere with [Plaintiff's] ability to function on a daily basis.

(*Id.* at 860). The ALJ explained that contrary to Dr. Ransom's December 2022 opinion, this opinion was "not well supported by her examination of [Plaintiff], which showed intact attention and concentration, recent and remote memory skills, and thought processes," and "not consistent with the evidence of record including treatment notes documenting benign findings, [Plaintiff's] activities of daily living, and Dr. Brownf[]eld's mild findings on examination." (*Id.* at 24).

Likewise, the ALJ found the opinion from Jay Travers, LCSW, to be unpersuasive. In LCSW Travers' October 4, 2023 "Mental Medical Opinion," he noted that he had weekly appointments with Plaintiff since March 9, 2022. (*Id.* at 773-78). He noted that Plaintiff took medication daily for depressive disorder that was prescribed by a psychiatrist. (*Id.* at 773). He opined that Plaintiff is seriously limited in remembering work-like procedures, understanding and remembering short and simple instructions, carrying out short and simple instructions, working in coordination with others, getting along with co-workers, interacting appropriately with the general public, and adhering to basis standards of neatness. (*Id.* at 775-76). He opined that Plaintiff was unable to meet competitive standards in maintaining attention, sustaining an ordinary routine, requesting assistance, accepting instructions, responding appropriately to changes in the work setting, understanding and remembering detailed instructions, carrying out detailed instructions, setting realistic goals, dealing with the stress of semiskilled and skilled work, traveling in an unfamiliar place, or using public transportation. (*Id.* at 775-76). He indicated that Plaintiff has no useful ability to function in maintaining regular attendance, making simple work-related decisions, completing a normal workday, performing at a consistent pace, or dealing with normal work stress. (*Id.* at 775). He expected that Plaintiff would be absent from work more than four days per month due to his impairments and that his impairments are expected to last at least twelve months. (*Id.* at 777).

The ALJ concluded that LCSW Travers' opinions were unpersuasive because:

> To support his opinion, Mr. Travers cited to [Plaintiff's] mental health symptoms, particularly, his depressed mood, detachment from social relationships, fatigue, decreased energy, and restlessness. (Ex. 20F at 2).

> However, Mr. Travers did not cite to positive findings on examination to support his opinion. Additionally, Mr. Travers' opinion is inconsistent with the evidence of record including treatment notes documenting benign findings, [Plaintiff's] activities of daily living, and the mild examination findings from consultative examiners Drs. Ransom and Brownf[]eld."

(*Id*. at 25).

The fact that there is competing evidence in the record relating to a specific impairment does not render the ALJ's determination erroneous. Rather, in deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

While an error at step two is harmless when an ALJ identifies other severe impairments, proceeds past step two, and considers the effects of all the claimant's impairments through the remainder of the sequential evaluation, *see Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013), by stopping at step two, the ALJ did not undertake such an analysis in this case. Accordingly, the question here is whether the medical evidence established that Plaintiff's mental impairments were so clearly insubstantial so as to justify the ALJ's determination to stop at step two. *Dawn Lyn C.*, 2021 WL 4398372, at *5 ("The ALJ's decision to reject the Plaintiff's claim at Step Two should be affirmed if there is sufficient evidence in the record–of the sort that a reasonable

mind might accept–for the proposition that the Plaintiff's [claimed impairment] is a *de minimis* or 'clearly insubstantial' one, and reversed if there is not.").

In light of the conflicting evidence and medical opinion evidence supporting a conclusion otherwise, the Court is unable to conclude that substantial evidence supports a finding that Plaintiff's mental impairments were clearly insubstantial. To be sure, the treatment records reflect entries showing that Plaintiff's mental impairments may cause no more than mild limitation in the functional areas, and Plaintiff's activities of daily living may not support the severity of his contentions, but the treatment records also document mental health treatment, prescription medication, and the opinion from Plaintiff's treating provider that his limitations are severe. On these facts, remand is warranted. *See Elsa O. v. Dudek*, No. 3:24-CV-518(MPS), 2025 WL 984649, at *6 (D. Conn. Apr. 2, 2025) ("In light of the record and the low hurdle at Step 2, it is difficult to see how the ALJ could have concluded that the Plaintiff's diabetes was so *de minimis* as to be non-severe, since her symptoms, even if partially credited, would seem to substantiate something more than 'minimal limitations' on her ability to carry out work-related activities."); *Cedric B. v. Comm'r of Soc. Sec.*, No. 22-CV-00558-MJR, 2024 WL 4834223, at *5 (W.D.N.Y. Nov. 20, 2024) (remanding where the ALJ concluded at step two that Plaintiff's depression and anxiety were nonsevere and stopped at that step); *Alicia S. v. Comm'r of Soc. Sec.*, No. 21-CV-1264MWP, 2024 WL 1207789, at *9 (W.D.N.Y. Mar. 21, 2024) ("The record in this case demonstrates that plaintiff's mental conditions were ongoing and recurrent and required regular counseling and adjustments in prescription medications and that she frequently presented as anxious and depressed during treatment sessions. Such evidence,

which was largely ignored or significantly minimized by the ALJ, satisfies the *de minimis* threshold of step two."); *Dawn Lyn C.*, 2021 WL 4398372, at *8 ("Viewing the record in its entirety, and considering the 'low,' '*de minimis*' standard that applies here, the Court concludes that the ALJ's decision to reject the Plaintiff's claim at Step Two is not supported by substantial evidence.").

Accordingly, Plaintiff's motion for judgment on the pleadings is granted and the Commissioner's motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 13) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 28, 2026
Rochester, New York